UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DIXON LEWIS,<br><br>    Plaintiff,<br><br>v.<br><br>KEN CLARK, *et al*.<br><br>    Defendants. | Case No. 1:20-cv-00120-JDP<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS BARRED BY THE FAVORABLE-TERMINATION RULE<br><br>FOURTEEN-DAY DEADLINE<br><br>ORDER ASSIGNING THIS CASE TO A DISTRICT JUDGE |

Plaintiff Paul Dixon Lewis is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. Plaintiff argues that his prison sentence is unlawful and requests compensation for his allegedly illegal incarceration. *See* ECF No. 1 at 4. But habeas relief—which petitioner does not now seek—is the exclusive remedy for a prisoner challenging the fact or duration of his confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Even if plaintiff wishes to obtain some sort of relief for his allegedly illegal incarceration other than release—relief that might properly be channeled through 42 U.S.C. § 1983 rather than a habeas petition—plaintiff would first need to show that his underlying conviction had been invalidated. *See Heck*, 512 U.S. at 487. Accordingly, the court orders plaintiff to make such a demonstration. If he cannot, we will recommend that this civil rights case be dismissed as barred by the so-called favorable-termination rule of *Heck v. Humphrey*.

**ORDER**

1

Plaintiff has fourteen days to show cause why his 42 U.S.C. § 1983 complaint should not be dismissed as barred by *Heck v. Humphrey*. Plaintiff may make this showing by demonstrating that his underlying conviction has been invalidated. Failure to comply with this order may result in dismissal of this action.

The clerk of court is ordered to assign this case to a district judge.

IT IS SO ORDERED.

Dated: January 28, 2020

UNITED STATES MAGISTRATE JUDGE

No. 205.