UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DIXON LEWIS,<br><br>  Plaintiff,<br><br>  v.<br><br>KEN CLARK, *et al*.<br><br>  Defendants. | Case No. 1:20-cv-00120-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED UNDER THE FAVORABLE-TERMINATION RULE<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>ECF No. 16<br><br>ORDER THAT THE CLERK'S OFFICE SEND PLAINTIFF AN APPLICATION FOR A WRIT OF HABEAS CORPUS |

Plaintiff Paul Dixon Lewis is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. In a complaint filed January 23, 2020, plaintiff argues that his prison sentence is unlawful and requests compensation for the allegedly illegal incarceration. *See* ECF No. 1 at 4. Because habeas relief is the exclusive remedy for a prisoner challenging the fact or duration of his confinement, the court ordered that plaintiff show cause why his case should not be dismissed as barred by the favorable-termination rule of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *See* ECF No. 7. The order made clear that, if plaintiff wished to obtain relief other than his release—relief that might properly be channeled through 42 U.S.C. § 1983—plaintiff would first need to show that, for example, his underlying conviction or sentence had been invalidated. *See id.*; *see also Heck*, 512 U.S. at 487. On February 20, 2020, plaintiff responded

1

to the order to show cause, reiterating his argument that his sentence was illegal. *See* ECF No. 17. Because plaintiff has failed to show that his 42 U.S.C. § 1983 action is not barred by *Heck*, we will recommend that this action be dismissed.

Plaintiff may wish to file a new petition for habeas corpus. If so, that petition should comply with the requirements of 28 U.S.C. § 2254, including the requirement of § 2254(b)(1)(A) that the petitioner has first "exhausted the remedies available in the courts of the State" in which he was convicted. In other words, before he is able to receive relief here in federal court, plaintiff must have finished the appeals process in his state of conviction.

**RECOMMENDATION**

The court recommends that this action be dismissed under the favorable-termination rule of *Heck v. Humphrey*.

We submit the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**ORDER**

The clerk's office is ordered to send plaintiff an application form for a writ of habeas corpus.

For the reasons stated in the court's earlier order, *see* ECF No. 12, plaintiff's third motion for the appointment of counsel, ECF No 16, is denied.

IT IS SO ORDERED.

Dated:  February 21, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 205.